**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| J.B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-2359-JWL |
| | ) |
| LIBERAL SCHOOL DISTRICT, | ) |
| USD # 480, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the court upon plaintiff's motion for leave to file and proceed by using a pseudonym (Doc. 2). Plaintiff has filed a memorandum in support of his motion (Doc. 3). The court notes that defendants have not yet been served, nor have counsel for defendants entered an appearance on this case. Nonetheless, upon reviewing plaintiff's motion, along with plaintiff's Complaint, the court finds that responses are not necessary and is prepared to rule.

Plaintiff seeks leave to proceed in this matter using the appellation "J.B." The "use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules."[1] However, "[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials – including identification of the parties and witnesses by their real names – should yield in deference to sufficiently pressing needs

---

[1] *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998).

for party or witness anonymity."[2]

The decision whether to allow a party to proceed under a pseudonym is a matter of the trial court's discretion.[3] "Law suits are public events[, and a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity."[4] The court must weigh the plaintiff's claimed privacy interest against the interests of the public in making its determination.[5] If a court grants permission to proceed using a pseudonym, it is often with the requirement that plaintiff's real name be disclosed to defendants and the court but kept under seal thereafter.[6]

In this instance, plaintiff has brought this action to recover damages related to alleged sexual abuse and assault he suffered as a child. Plaintiff states in his Complaint that "Plaintiff J.B. . . . currently resides in Liberal, Kansas, and whose true name has been provided to the Court and to the Defendants[.]"[7] The court fails to see how the interests of the public are implicated, apart from generalized interests "'in understanding disputes that

---

[2] *Id.* at 803 (quoting *James v. Jacobson*, 6 F.3d 233, 242 (4th Cr. 1993)).

[3] *Id.* at 802.

[4] *Id.* at 803 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[5] *See id.* at 803.

[6] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001)(citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).

[7] *See* Complaint (Doc. 1), at p. 2.

are presented to a public forum for resolution' and 'in assuring that the courts are fairly run and judges are honest.'"[8] On the other hand, plaintiff's allegations involve matters of a highly personal nature, and he believes he will be further victimized, humiliated, and made the subject of ostracism if he is required to disclose his identity[9].

While maintaining the transparency of the judicial process to bolster the public's faith and confidence is an important consideration, the court finds that it is outweighed, in this instance, by the need to protect the plaintiff's privacy interest.  Given that this action is directly concerned with alleged past sexual abuse of plaintiff, the court finds that it involves matters of a "highly sensitive and personal nature."[10]  Moreover, to the extent that plaintiff seeks to recover for psychological harm, there is some risk that "the injury litigated against would be incurred [or exacerbated] as a result of the disclosure of plaintiff's identity."[11]

Because the court does not find that the public has a significant, specific interest in the disclosure of plaintiff's identity and does find that plaintiff has a valid interest in not having his identity linked with the highly sensitive and personal matters at issue in this

---

[8] *Stapp v. Overnite Transp. Co.*, No. CIV.A.96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

[9] *See* Plaintiff's Suggestions in Support of Motion to File and To Proceed Under Pseudonym (Doc. 3), at p. 2.

[10] *Zavaras*, 139 F.3d at 803 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[11] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

lawsuit, the court concludes that plaintiff's request to proceed under a pseudonym should be allowed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file and proceed by using a pseudonym (Doc. 2) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to proceed in this action using the pseudonym "J.B." for purposes of the public record.

**IT IS FURTHER ORDERED** that counsel for plaintiff shall file under seal by **October 3, 2006,** a copy of plaintiff's original complaint bearing plaintiff's full name with the Clerk's Office. Such complaint shall be filed conventionally and not electronically.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2006, at Topeka, Kansas.

                                           s/ K. Gary Sebelius
                                           K. Gary Sebelius
                                           U.S. Magistrate Judge